**IT IS ORDERED**

**Date Entered on Docket: April 18, 2022**



_____
**The Honorable Robert H Jacobvitz
United States Bankruptcy Judge**

_____

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW MEXICO

In re:

ALFRED PINEDA DAVILA,

     Debtor.                                                           Case No. 19-11809-J13

### STIPULATED ORDER MODIFYING AUTOMATIC STAY AND ABANDONMENT OF PROPERTY OF THE ESTATE

     THIS MATTER comes before the Court upon stipulation of the parties herein as evidenced by their respective signatures below, 21st Mortgage Corporation ("Creditor" or "21st Mortgage Corporation"), by and through its attorney of record, Davis Miles McGuire Gardner, PLLC (Ron Holmes), and the Chapter 13 trustee Tiffany M. Cornejo appearing *pro se*, the Debtor appearing by and through their attorney of record, R. "Trey" Arvizu (Trey Arvizu) and the Court being otherwise sufficiently advised in the premises FINDS:

     1.     The Debtor Alfred Pineda Davila, ("Debtor") filed for relief on August 1, 2019, under Chapter 13. Tiffany M. Cornejo has been appointed the Chapter 13 trustee ("Trustee").

     2.     On October 7, 2021, Creditor served the Motion for Relief from Stay (Doc. #63) ("Motion") and a Notice of the Deadline for Filing Objections to the Motion (Doc. #64) (the

1

"Notice") on Debtor's attorney R. "Trey" Arvizu and Trustee by use of the Court's case management and electronic filing system for the transmission of notice as authorized by Fed.R.Civ.P. 5(b)(3) and NM LBR 9036-1, and on the Debtor Alfred Pineda Davila, by United States first class mail, in accordance with Bankruptcy Rules 7004 and 9014.

3. The Motion relates to Debtors' interest in a mobile home identified as a 1997 Oak Creek ("Collateral") with serial number OC059710454 financed by the Note and subject to a valid perfected Deed of Trust security interest held by Creditor. The Notice provided for an objection deadline of twenty-one (21) days plus three (3) for mailing from the date of service of the Notice.

4. The Notice was sufficient in form and content.

5. The objection deadline expired on November 1, 2021.

6. On October 22, 2021 the Debtor filed a Response to the Motion (Doc. #65). No other parties have filed a responsive pleading.

7. Commencing May 15, 2022 through September 15, 2022, Debtor shall make an additional monthly payment of $248.97 per month, then a final payment of $248.96 on October 15, 2022 in order for post-petition arrears in the sum of $1,493.81 to be paid. Debtor shall remain current on all future post-petition payments from this point forward. This sum represents the post-petition arrears, as well as attorney's fees and costs associated with the filing of the Motion, as itemized below:

| | |
|---|---|
| Arrears | $188.66 |
| Attorney's fees | $1,022.40 |
| Tax | $80.51 |
| Costs | $202.04 |
| **Total** | **$1,493.81** |

8. Payments shall be made directly to Creditor at:

21st Mortgage Corporation
P.O. Box 477
Knoxville, TN 37901

with reference to the last four digits of the loan number 0650.

9. Debtor shall timely perform all of his obligations regarding the payments described herein and under Creditor's loan documents as they come due, including but not limited to the payment of real estate taxes, maintaining insurance coverage, Chapter 13 Plan payments, and any and all senior liens.

10. In the event that the Debtor fails to tender payment as due for the May 15, 2022 payment and forward, Creditor may file a Notice of Default with the Court, which will be mailed to the Debtor and sent by electronic notification to Debtor's counsel. The Debtor will have ten (10) days from the filing of a Notice of Default to cure the default. The Debtor will only receive two (2) such Notices. If the Debtor fails to cure the default within ten (10) days from the filing of a Notice of Default then, upon Creditor's filing of an Affidavit of Default, the automatic stay effectuated by Debtor's bankruptcy filing will be lifted as ordered herein, so that Creditor may avail itself of the rights and remedies afforded under its Note and Mortgage, including but not limited to the right to foreclose against the Property if available under State Law.

11. In the event that the Debtor defaults a third time, Creditor may immediately proceed with the filing of its Affidavit of Default, thereby terminating the automatic stay and abandoning the subject Property as ordered herein, so that Creditor may avail itself of the rights and remedies afforded under its security agreement, including but not limited to the right to foreclose against the Property if available under State Law.

12. In the event the Debtor default, upon proper notice of the default to the Trustee the Trustee shall immediately cease making payments to Creditor pursuant to the Debtor's

3

Case 19-11809-j13    Doc 70    Filed 04/18/22    Entered 04/18/22 11:32:52 Page 3 of 5

Chapter 13 Plan, and future payments, if any, will only be made by the Trustee pursuant to an Amended Proof of Claim filed by Creditor for any unsecured deficiency balance.

13. If the Stay is terminated herein due to Debtor's default, then the Stay shall remain in force with respect to the collection of any resulting deficiency and shall be set forth in a proof of claim filed with the Court.

14. There is no just cause to delay the entry of the Order.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the Automatic Stay imposed by the filing of the above-entitled and numbered cause of action, as the same pertains to the Property known as 216 Jung Sun Lane, Chaparral, NM 88081 and the 1997 Oak Creek manufactured home with serial number OC059710454 as described above, is modified herein consistent with the terms described above.

IT IS FURTHER ORDERED that this Order shall be effective if this case is converted to any other Chapter under the Bankruptcy Code.

IT IS FURTHER ORDERED that the Chapter 13 trustee's approval to this order is a conditional abandonment of the asset from the estate under 11 U.S.C. §554.

IT IS FURTHER ORDERED that the fourteen (14) day stay requirement of F.R.B.P. 4001(a)(3) is waived as of the date of entry of this order.

IT IS SO ORDERED

### END OF DOCUMENT ###

Submitted by:

DAVIS MILES MCGUIRE GARDNER, PLLC


s/ Ron Holmes (submitted via e-orders)
Ron Holmes
Attorney for 21st Mortgage Corporation

320 Gold Ave., SW, Suite 1111
Albuquerque, NM 87102
Telephone: (505) 268-3999
Facsimile: (505) 243-6448


Approved by:

R. "TREY" ARVIZU


By  Approved by email 4/14/2022 reh
R. "Trey" Arvizu
Attorney for Debtor
715 e. Idaho Ave, Suite 3F
Las Cruces, NM 88001
Telephone: (575) 527-8600
Facsimile: (575) 527-1199


Approved by:

  Approved by email 4/14/2022 reh
Tiffany M. Cornejo
Chapter 13 Trustee
625 Silver Ave, Suite 350
Albuquerque, NM 87102
Telephone: (505) 243-1335
Facsimile: (505) 247-2709

5